**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| **BENJAMIN D. TARVER,** ) | Case No. 6:24-CV-00849-CEM-NWH |
| Plaintiff, ) | |
| v. ) | |
| **CAPITAL ONE, N.A.,** ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BENJAMIN D. TARVER ("Plaintiff"), sues Defendant CAPITAL ONE, N.A.

("Defendant" or "Capital One"), and alleges:

## INTRODUCTION

1. This is an action for damages arising from Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. After receiving notice of Plaintiff's disputes from multiple consumer reporting agencies, Defendant failed to conduct a reasonable investigation and continued furnishing materially inaccurate and misleading information concerning Plaintiff's credit account.

3. Defendant continued reporting the account as charged off and closed while simultaneously furnishing ongoing past-due and derogatory monthly status information following Plaintiff's disputes.

1

4. Despite receiving detailed disputes identifying the specific reporting issues, Defendant verified the information as accurate and continued furnishing the same derogatory reporting.

5. As a result of Defendant's conduct, Plaintiff suffered damages including harm to creditworthiness, emotional distress, frustration, embarrassment, and expenditure of time and effort attempting to correct the inaccurate reporting.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred within this District and Plaintiff resides within this District.

## PARTIES

8. Plaintiff BENJAMIN D. TARVER is a natural person and consumer residing in Orlando, Florida.

9. Defendant CAPITAL ONE, N.A. is a furnisher of information to consumer reporting agencies within the meaning of the FCRA and regularly engages in business within this District.

## FACTUAL ALLEGATIONS

10. Plaintiff maintained a consumer credit account with Defendant ending in 7037.

11. Defendant furnished information concerning the account to consumer reporting agencies including Experian, Equifax, and TransUnion.

12. Beginning in or around February 2026, Plaintiff submitted detailed written disputes to consumer reporting agencies regarding the reporting of the Capital One account.

2

13. Plaintiff specifically disputed the reporting of the account as charged off while simultaneously reporting continuing past-due amounts and ongoing derogatory monthly status progression.

14. Plaintiff further disputed the completeness and accuracy of the reporting and requested that the information be reasonably investigated and corrected.

15. Upon information and belief, the consumer reporting agencies forwarded Plaintiff's disputes to Defendant pursuant to 15 U.S.C. § 1681i(a)(2).

16. After receiving notice of Plaintiff's disputes, Defendant was required to:

   a.    conduct a reasonable investigation regarding the disputed information;

   b.    review all relevant information provided by the consumer reporting agencies;

   c.    report the results of the investigation to the consumer reporting agencies; and

   d.    modify, delete, or permanently block inaccurate or incomplete information.

17. Despite receiving notice of Plaintiff's disputes, Defendant verified the disputed information as accurate.

18. Following the disputes and reinvestigations, Defendant continued furnishing information reflecting:

   a.    a charged-off and closed account;

   b.    ongoing past-due balances;

   c.    continuing derogatory monthly status reporting; and

   d.    updated derogatory reporting after Plaintiff's disputes.

19. The reporting was materially misleading and inaccurate in a manner expected to adversely affect credit decisions.

20. Defendant failed to conduct a reasonable investigation into Plaintiff's disputes.

21. Defendant knew or should have known that continued furnishing of materially misleading account status information would cause harm to Plaintiff.

22. As a result of Defendant's conduct, Plaintiff suffered actual damages including emotional distress, frustration, anxiety, humiliation, and harm to creditworthiness.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)

23. Plaintiff re-alleges and incorporates Paragraphs 1 through 22 as though fully set forth herein.

24. Defendant received notice of Plaintiff's disputes from one or more consumer reporting agencies.

25. After receiving notice of the disputes, Defendant failed to conduct a reasonable investigation concerning the disputed information.

26. Defendant failed to review all relevant information provided by the consumer reporting agencies.

27. Defendant failed to correct, modify, or delete materially inaccurate and misleading information.

28. Defendant continued verifying and furnishing inaccurate and misleading account information despite Plaintiff's detailed disputes.

29. Defendant's conduct was negligent and/or willful.

30. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual damages.

## DAMAGES

31. Plaintiff seeks damages in the amount of $7,700.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff

and against Defendant as follows:

        A. Award damages in the amount of $7,700;

        B. Award costs of suit;

        C. Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

BENJAMIN D. TARVER
450 South Orange Ave, 3rd Floor
Orlando, FL 32801
T: 407-308-2968
E: litigation@civilfilings.com

Dated: May 15, 2026

*Plaintiff, Pro Se*

5