**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BENJAMIN D. TARVER,**

**Plaintiff,**

**v.**

**CAPITAL ONE, N.A.,**

**Defendant.**

**Case No.: 6:26-CV-00849- CEM-NWH**

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on July 13, 2026. Pro se Plaintiff Benjamin Tarver and Michael D. Starks and Anthony M. Sartini, Counsel for Defendant, Capital One, N.A. ("Capital One"), attended the conference.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 7/31/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 8/14/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). Plaintiff | 1/29/2027 |
| Defendant | 2/26/2027 |
| Rebuttal | 3/26/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 5/28/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | 8/20/2026 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 5/28/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | 5/28/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 7/21/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 7/28/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 8/4/2027 |
| Month and year of the trial term. | August 2027 |

The trial will last approximately 1-2 days and be

☒ jury.

☐ non-jury.

**3. Description of the Action**

*Pro se* Plaintiff Benjamin Tarver asserts federal claims against Defendant Capital One for violation of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) relating to the alleged repeated furnishing of inaccurate information to certain credit reporting agencies relating to Plaintiff's Capital One accounts and purportedly deficient investigations of credit reporting agency disputes, as well as claims for violation of the Electronic Fund Transfer Act (15 U.S.C. § 1693f) and Regulation Z (12 C.F.R. § 1005.11) stemming from an ATM withdrawal of $803.56 from Plaintiff's Capital One checking account. Plaintiff seeks actual damages, including emotional distress damages, as well as statutory damages, punitive damages, and costs for filing suit.

<u>Capital One's Position</u>: Capital One affirmatively denies Plaintiff's claims and states that it has at all times complied with its contractual, tort, and statutory obligations to Plaintiff. Capital One believes Plaintiff's Amended Complaint must be dismissed with prejudice for failure to state a claim upon which relief may be granted. Capital One believes all deadlines, including discovery, should be stayed pending a ruling on Capital One's forthcoming Motion to Dismiss Amended Complaint.

<u>Plaintiff's Position</u>: Plaintiff does not agree that discovery should be stayed. No motion to stay discovery has been filed or granted. Defendant also has not filed the Motion to Dismiss referenced in its statement. Defendant's request for a stay is therefore only Defendant's position and should not be characterized as an agreement between the parties.

The parties reserve the right to supplement this statement as necessary as the facts are developed.

**4. Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

**8. Discovery Practice**

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes:

B. Discovery may be needed on these subjects:

Plaintiff: Plaintiff does not presently anticipate seeking discovery from Defendant and presently intends to obtain the evidence needed through third-party discovery. Plaintiff does not agree that execution of Defendant's proposed confidentiality agreement is required by the Federal Rules or is a prerequisite to conducting discovery.

Plaintiff is not seeking damages based on emotional distress, mental anguish, humiliation, embarrassment, reputational injury, reduced credit score, denial of credit, lost wages, diminished earning capacity, general financial hardship, the monetary value of time spent, or comparable personal or noneconomic conditions. Except for any specific economic loss expressly alleged in the operative complaint, Plaintiff is not placing his medical history, psychological history, employment history, income, general financial condition, unrelated credit history, or personal relationships at issue as a component of damages.

Plaintiff therefore anticipates objecting to discovery directed solely toward those disclaimed damages categories. Plaintiff's discovery will focus primarily on Defendant's conduct, procedures, systems, communications, investigations, furnishing activities, compliance practices, willfulness, recklessness, and the systemic nature of the alleged violations.

Capital One: Capital One will seek discovery of materials related to the facts and circumstances surrounding the allegations of Plaintiff's Amended Complaint, Plaintiff's alleged damages, whether there is any causal relationship between Plaintiff's alleged damages and any action or inaction of Capital One, Plaintiff's financial and consumer history, any communications between Plaintiff and any other party, Plaintiff's failure to mitigate alleged damages, any communication between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Amended Complaint, and any further discovery necessitated by the pleadings and other discovery.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes.

Capital One: Capital One requires that a Confidentiality Agreement or Protective Order be entered prior to any discovery. Capital One will draft same for all parties to review.

Plaintiff: Plaintiff does not presently anticipate seeking discovery from Defendant and presently intends to conduct discovery through third parties. Plaintiff therefore does not presently identify any special issue concerning Defendant's disclosure, production, or preservation of electronically stored information that requires a confidentiality agreement or protective order.

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the

Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

Capital One: Capital One requires that a Confidentiality Agreement or Protective Order be entered prior to any discovery. Capital One will draft same for all parties to review.

Plaintiff: Plaintiff does not presently anticipate seeking discovery from Defendant and therefore does not presently believe that any special privilege-log, clawback, or Rule 502(d) procedure is necessary. Plaintiff will comply with the Federal Rules if any privilege issue arises.

Plaintiff does not agree that Defendant's proposed confidentiality agreement is required before discovery. The proposed agreement contains provisions that exceed the ordinary requirements of the Federal Rules, including an "Attorneys' Eyes Only" provision that does not appropriately account for Plaintiff's pro se status and could prevent Plaintiff from reviewing evidence necessary to prosecute his own case. Plaintiff therefore does not agree to the proposed agreement in its current form.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

*/s/ Benjamin D. Tarver*
Benjamin D. Tarver
Plaintiff, *Pro Se*
7/15/2026

*/s/ Michael D. Starks*
*Counsel for Capital One, N.A*
**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower – 25th Floor
44 West Flagler Street,
Miami, Florida 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
Email: AKG@lgplaw.com
MICHAEL D. STARKS
Florida Bar No. 86584
Email: MDS2@lgplaw.com
ANTHONY M. SARTINI
Florida Bar No. 1059621
Email: ams@lgplaw.com

7/9/2026