UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BENJAMIN D. TARVER,

Plaintiff,

v. Case No.: 6:26-cv-00849-CEM-NWH

CAPITAL ONE, N.A.,

Defendant,
_________________________________/

**ORDER**

This matter is before the Court on Defendant Capital One, N.A.'s ("Capital One") Motion to Stay Discovery (Doc. 23, the "Motion") and Plaintiff Benjamin Tarver's Response in Opposition (Doc. 26). The Court held a hearing on the Motion on August 18, 2026, at which Plaintiff failed to appear. (Doc. 37). The Motion is due to be granted.

This is one of ten cases filed by Plaintiff, *pro se*, in this District between May 15, and June 22, 2026.[1] Each case is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.,* ("FCRA"), the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693 *et seq*., ("EFTA"), or both, against a credit reporting agency, financial institution,

[1] *Tarver v. Republic Finance, LLC*, Case No. 6:26-cv-986-AGM-NWH, *Tarver v. Equifax Information Services, LLC*, Case No. 6:26-cv-1006-CEM-DCI, *Tarver v. Experian Information Solutions, Inc.*, Case No. 6:26-cv-1020-PGB-LHP, *Tarver v. TransUnion, LLC*, Case No. 6:26-cv-01025-PGB-RMN, *Tarver v. Morgan Stanley Smith Barney LLC*, Case No. 6:26-cv-01129-AGM-DCI, *Tarver v. I.C. System, Inc.*, 6:26-cv-01290-JSS-NWH, *Tarver v. Lyft Florida, Inc.*, Case No. 6:26-cv-01328-AGM-CAB, *Tarver v. Bank of America N.A.*, Case No. 6:26-cv-01354-AGM-DCI, and *Tarver v. Marten Transport, Ltd. Corp.*, Case No. 6:26-cv-01366-CEM-DCI. Plaintiff has apparently filed numerous other similar cases in Florida state court, some of which are listed in the Motion. (Doc. 23 at 5 n.10).

or other entity with which Plaintiff had some financial arrangement. The operative Amended Complaint in this case (Doc. 16) alleges that the Defendant violated the FCRA and EFTA by, *inter alia*, failing to properly investigate disputed information on Plaintiff's Capital One consumer credit card account. (Doc. 16 at 3, 9-15). Capital One filed a Motion to Dismiss the operative Amended Complaint on July 27, 2026. (Doc. 22). The instant Motion was filed three days later and asks the Court to stay discovery pending resolution of the Motion to Dismiss.

The Court has the inherent power to control its docket and manage its cases, including by staying discovery. *Perez v. Mia.-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). The party seeking to stay discovery has "the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Holsapple v. Strong Indus., Inc.*, No. 2:12-cv-355-UA-SPC, 2012 WL 3946792, at *1 (M.D. Fla. Sept. 10, 2012) (citation and internal quotation marks omitted). To engage in this balancing test, it is helpful for the Court to "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation and internal quotation marks omitted).

Defendant's requested stay is warranted here as explained on the record at the hearing on August 18, 2026. A preliminary peek at the merits of the Motion to Dismiss

(Doc. 22) demonstrates that there is "an immediate and clear possibility" that the Court will dismiss some or all of Plaintiff's claims against Defendants. *Feldman*, 176 F.R.D at 652. As such, ruling on the Motion to Dismiss may eliminate the need for discovery or streamline the discovery process. Moreover, Plaintiff failed to appear at the hearing on the Motion and has already served vastly overbroad discovery. (*See* Doc. 23-1). Accordingly, it is

**ORDERED** that Defendant Capital One, N.A.'s Motion to Stay Discovery (Doc. 23) is **GRANTED**. All discovery in this matter is **STAYED** pending resolution of the pending Motion to Dismiss (Doc. 22). All outstanding subpoenas are **QUASHED**.

**DONE** and **ORDERED** in Orlando, Florida on August 18, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE