FILED - USDC - FLMD - ORL
AUG 24 2026 AM9:17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BENJAMIN D. TARVER,

Plaintiff,

v.

CAPITAL ONE, N.A.,

Defendant.

Case No.

6:26-cv-00849-CEM-NWH

**PLAINTIFF'S RULE 72(a) OBJECTION TO AUGUST 18, 2026 ORDER LIMITED TO RULE 45 COMPLIANCE-COURT ISSUE**

Plaintiff Benjamin D. Tarver, pursuant to Federal Rule of Civil Procedure 72(a), objects solely to the portion of the August 18, 2026 Order (Doc. 38) stating: "All outstanding subpoenas are QUASHED." Plaintiff does not challenge in this Objection the separate portion of the Order staying discovery.

1. Rule 45(d)(3) directs a motion to quash or modify a subpoena to "the court for the district where compliance is required." Rule 45(f) permits that court to transfer the subpoena dispute to the issuing court upon consent of the

subpoenaed person or exceptional circumstances. See *Hunter v. ADP Screening*, No. 6:15-cv-845-Orl-31TBS, 2016 WL 7732538, at *1 (M.D. Fla. May 3, 2016); *Prime Ins. Co. v. Medicab Transp., LLC*, No. 2:24-cv-421-SPC-KCD, Doc. 78 at 3–4 (M.D. Fla. Nov. 6, 2024).

2. The Middle District of Florida's own Civil Discovery Handbook states the same rule: "A motion to quash or a motion to enforce a discovery subpoena must be filed with the court in the district where compliance is required." Middle District Discovery, V.A.4. The Handbook further recognizes that the compliance court may transfer a subpoena-related motion to the court where the action is pending under Rule 45(f).

3. The subpoenas at issue identified places of compliance outside the Middle District of Florida, and nothing in this docket reflects a Rule 45(f) transfer from any applicable compliance court. Although this Court could separately determine whether discovery should be stayed, Rule 45 did not authorize it, as the issuing court rather than the court of compliance, to quash those subpoenas.

4. The quash portion of the Order is therefore contrary to law under Rule 72(a). Plaintiff raises this discrete objection to preserve the Rule 45 compliance-court issue for further review while leaving the discovery stay itself unchallenged.

WHEREFORE, Plaintiff respectfully requests that the Court modify the August 18, 2026 Order (Doc. 38) by striking only the sentence, "All outstanding subpoenas are QUASHED."

Respectfully submitted,

BENJAMIN D. TARVER
450 South Orange Ave, 3rd Floor
Orlando, FL 32801
T: 407-308-2968
E: litigation@civilfilings.com

Dated: August 24, 2026

*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I served a true and correct copy of the foregoing document by U.S. Mail, postage prepaid, on counsel of record for Defendant at the following address:

Michael D. Starks
Liebler, Gonzalez & Portuondo
44 West Flagler Street
Suite 2500
Miami, FL 33130

I further certify that, upon docketing by the Clerk, counsel of record who are registered users of the Court's CM/ECF system may receive electronic notice of this filing through CM/ECF.

BENJAMIN D. TARVER
*Plaintiff, Pro Se*